**\*NOT FOR PUBLICATION\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DRAGO SERVICES LLC and CHRISTOPHER DRAGO, | |
| Plaintiffs, | Civil Action No. 21-6257 (FLW) |
| v. | OPINION |
| ATAIN SPECIALTY INSURANCE COMPANIES, | |
| Defendant. | |

**WOLFSON, Chief Judge:**

Presently before the Court is Plaintiffs' Drago Services, LLC, and Christopher Drago (collectively, "Drago Services" or "Plaintiffs"), motion to remand. This matter arises from Plaintiffs' Declaratory Judgment Action[1] initially filed in New Jersey Superior Court, Chancery Division, Monmouth County, wherein Plaintiffs alleged that Defendant Atain Specialty Insurance Company ("Atain") failed to defend and indemnify Plaintiffs in connection with a personal injury action that resulted from a motor vehicle accident.[2] On March 21, 2021, Atain removed the Declaratory Judgment Action to this Court pursuant to 28 U.S.C. § 1332(a)(1), based on diversity jurisdiction. For the reasons set forth below, Plaintiffs' Motion to Remand is **DENIED**.

---

[1] *Drago Services LLC & Christopher Drago v. Attain Specialty Insurance Companies*; Docket No. MON-L-00594-21.

[2] *Faith Prichard v. Drago Enterprises, Inc., Samuel Vazquez-Morales, ABC Bars & Restaurants 1-5, DEF Liquor Stores 1-5, John/Jane Doe Homeowners 1-5*; Docket No., MON-L-04208-18.

I.      **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Drago Services is a New Jersey corporation located in Monmouth County that "provides a tree removal, tree and shrub care, and pest management" services. (Pl.'s Mot., at 3.) Atain, an insurance company, sold Drago Services commercial general liability insurance coverage (the "Policy"), effective from December 7, 2017 to December 7, 2018. (Prichard Complaint, at 3.) On November 26, 2018, Faith Prichard filed a personal injury complaint (the "*Prichard* Action") in New Jersey Superior Court, Law Division, Monmouth County, for injuries suffered from an automobile accident that occurred on October 25, 2018, involving a vehicle owned by Drago Services and allegedly driven by its employee. (*Id.*) On January 4, 2020, Prichard filed a Second Amended Complaint that added a claim against Drago Services and Christopher Drago asserting that they were vicariously liable for the actions of its employee who was involved in the accident. (Prichard Second Amended Complaint, at 2.) Specifically, Prichard claims Drago Services: "(1) engaged in negligent, careless, and reckless hiring practices of drivers of their vehicles; (2) failed to conduct proper background checks of drivers of their vehicles; (3) failed to properly train and supervise the drivers of their vehicles; and/or (4) otherwise did negligently entrust its vehicle" to the employee "who it knew, or should have known, would discharge his duties and/or responsibilities of a driver in a negligent, careless and reckless manner." (*Id.*)

On February 28, 2020, Drago Services notified Atain of the Second Amended Complaint to seek coverage. In response, Atain sent a Notice of Denial and Disclaimer of Insurance Coverage to Drago Services on March 3, 2020, which explained its reasons for denying coverage.[3] (Atain

---

[3] The dispute over Atain's disclaimer of coverage centers on the exclusionary language included in the Policy under Section I, Paragraph (g) "Aircraft, Auto Or Watercraft." In relevant part, the Policy states the insurance "does not apply to: … (2) 'Bodily injury' or 'property damage' arising out of or in connection with any 'auto' … This exclusion applies to 'bodily injury' arising out of any … 'auto' … whether or not owned, maintained, used, rented, leased, hired, loaned,

2

March 2020 Disclaimer, at 1-4.)  On January 25, 2021, Drago Services, through its attorney, informed Atain that a Third Amended Complaint had been filed raising additional negligence claims and asked Atain to reconsider its previous denial of coverage.  (Atain February 2021 Disclaimer, at 1.)  On February 1, 2021, Atain issued a Second Notice of Denial and Disclaimer of Coverage.  (*Id.* at 1-4.)  On February 19, 2021, Drago Services filed this Declaratory Judgment Action in state court alleging that Atain "failed to adequately investigate the claims" raised against Drago Services from the accident and "breached its obligations" under the Policy to defend and indemnify Drago Services.[4]  (Opp. Br., at 5.)  On March 23, 2021, Atain filed its Notice of Removal of the Declaratory Judgment Action with this Court pursuant to 28 U.S.C. § 1332(a)(1), based on the diversity of the parties.  In the instant motion, Drago Services moves to remand, arguing that this Court should decline jurisdiction to hear this matter under the Declaratory Judgment Act, because there is a pending parallel state court proceeding.

## II.     STANDARD OF REVIEW

Removal of a suit from state to federal court is proper only if the federal court to which the action is removed would have had original jurisdiction over the matter. *Entrekin v. Fisher Scientific, Inc.*, 146 F. Supp. 2d 594, 603-04 (D.N.J. 2001) (*citing* 28 U.S.C. § 1441(a)-(b)). Indeed, the statute provides in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States

---

borrowed or entrusted to others or provided to another by any insured.  This exclusion applies even if the claims allege negligence or other wrongdoing in the supervision, hiring, employment, entrustment, permitting, training or monitoring of others by an insured."

[4] While it is unclear from the Complaint whether Plaintiffs seek declaratory relief under federal or state statute, Plaintiffs make clear that they brought the Declaratory Judgment Action under state law.

>for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Remand is governed by 28 U.S.C. § 1447(c), which provides that a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days of the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). Importantly, "[w]hen the propriety of the removal is challenged, the burden is on the defendant to show that removal is proper, and the Court is obligated to 'strictly construe the removal statutes against removal, and resolve any doubts in favor of remand.'" *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

## III.   DECLARATORY JUDGMENT ACT

Under the Declaratory Judgment Act (the "DJA"), any federal court "*may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a)[5] (emphasis added). The discretion conferred to federal courts by the DJA is "unique and substantial … in deciding whether [in the first instance,]" declaring the rights of litigants is appropriate. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). In other words, it is within "the sound

---

[5] "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). The federal Declaratory Judgment Act and the New Jersey Declaratory Judgment Act are procedural in nature. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937) ("The operation of the [DJA] is procedural only."). In that regard, when a plaintiff seeks a declaratory judgment under state law and the action is removed to federal court, such as here, the matter "is treated as though it had been filed under the [DJA]." *BCB Bancorp, Inc. v. Progressive Cas. Ins. Co.*, No.13-1261, 2013 U.S. Dist. LEXIS 187941, at *3 (D.N.J. Oct. 8, 2013) (citation omitted); *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 281 n.4 (3d Cir. 2017) ("[W]e agree with the District Court that because federal courts apply federal procedural law in federal actions, the DJA and not state declaratory judgment law supplies the procedural law that governs this case. This is notwithstanding the fact that the relief sought in the removed Declaratory Action was requested under the Pennsylvania Declaratory Judgments Act . . . ."); *Valeant Pharm. Int'l, Inc. v. AIG Ins. Co.*, No. 18-493, 2019 U.S. Dist. LEXIS 63527, at *24 (D.N.J. Apr. 12, 2019).

exercise of [the district court's] discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close." *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 139 (3d Cir. 2014) (alteration in original) (quoting *Wilton*, 515 U.S. at 286). Nevertheless, "[a] federal district court's discretion to decline jurisdiction depends on whether the complaint seeks legal or declaratory relief." *Rarick v. Federated Serv. Ins. Co.*, 852 F.3d 223, 227 (3d Cir. 2017). In that connection, when an action contains independent legal claims, "federal courts have a virtually unflagging obligation to exercise jurisdiction." *Id.* When, however, an action seeks only declaratory relief, without independent legal claims, courts may decline jurisdiction if appropriate. *Id.* Here, it is undisputed that Drago Services seeks only declaratory relief under the New Jersey's Declaratory Judgment Act; no other independent legal claims are asserted in its Complaint.

### A. Parallel Proceeding

When considering whether to exercise or decline jurisdiction, courts first determine whether there exists a "parallel state proceeding." *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 282 (3d Cir. 2017) (quoting *Reifer*, 751 F.3d at 144). The Supreme Court has defined a parallel state proceeding in this context as "another proceeding . . . pending in a state court in which all the matters in controversy between the parties could be fully adjudicated." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942); *Kelly*, 868 F.3d at 284. "The absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction, although it alone does not require such an exercise." *Id.* at 282. The Third Circuit has instructed that "the mere potential or possibility that two proceedings will resolve related claims between the same parties is not sufficient to make those proceedings parallel; rather, there must be a substantial similarity in issues and parties between contemporaneously pending proceedings." *Id.* at 283-84.

In that regard, "parallel proceedings are those that are 'truly duplicative,' that is, when the parties and the claims are 'identical,' or at least 'effectively the same.'" *Id.* at 285 (citation omitted). Relevant factors to consider in determining whether there is a parallel state proceeding "include the scope of the state court proceeding, the claims and defenses asserted, and whether necessary parties had been or could be joined." *Id.* at 284.

Here, there is a dispute as to whether a parallel state court action exists. Drago Services argues that the *Prichard* Action, in which the plaintiff alleges she suffered personal injuries from an accident involving a Drago Services vehicle, amounts to a parallel proceeding because it involves "all the issues to be decided" and shares "a significant nexus of fact and law" with the current Declaratory Judgment Action. (Pl.'s Mot., at 10-11.) Atain argues that the *Prichard* Action, to which they are not a party, involves tort claims that are separate and distinct from the insurance coverage claims brought by Drago Services in this case. (Opp. Br., at 11-12.)

Here, I find that the *Prichard* Action is clearly not a parallel proceeding. First, the parties are not identical, because Atain is not a party to the *Prichard* Action. Second, Drago Services' argument that the *Prichard* Action and this Declaratory Judgment Action share a "significant nexus of fact and law" lacks merit, since the question of whether Drago Services is liable to Prichard under a tort theory is fundamentally distinct from the issue of whether the parties' Policy requires Atain to defend and indemnify Drago Services in the *Prichard* Action. In other words, the Policy's coverage issue is not essential to the resolution of the state action, which will only determine Drago Services' liability for the accident. Importantly, the *Kelly* Court, when faced with similar facts, found it "clear that two proceedings … are not parallel." *Kelly*, 868 F.3d at 287 (holding that an insurance coverage issue and a pending state court suit to determine a defendant's

liability from a vehicular collision was not a parallel proceeding because the same parties were not involved, and the insurance coverage issue was not necessary to resolution of the state suit).

### B. *Reifer* Factors

Nevertheless, while "the absence of pending parallel state court proceedings militates significantly in favor of exercising jurisdiction . . ., it alone does not require such an exercise." *Reifer*, 751 F.3d at 144. Rather, where there is no parallel state proceeding, district courts, under the DJA, must "be rigorous in ensuring themselves that the lack of pending parallel state proceedings is outweighed by opposing factors." *Id.* The Third Circuit has promulgated the following, non-exhaustive list of factors to guide that analysis:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
>
> (2) the convenience of the parties;
>
> (3) the public interest in settlement of the uncertainty of obligation;
>
> (4) the availability and relative convenience of other remedies;
>
> (5) a general policy of restraint when the same issues are pending in a state court;
>
> (6) avoidance of duplicative litigation;
>
> (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata; and
>
> (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as failing within the scope of a policy exclusion.

*Id.* at 146; *see also Kelly*, 868 F.3d at 282-83. The Third Circuit has instructed district courts to give "meaningful consideration" to any relevant factors, and that some factors may be weighed heavier than others based on the circumstances of each case. *Reifer*, 751 F.3d at 146. The circuit court has also advised that "there will be situations in which district courts must consult and address other relevant law or considerations." *Id.* Importantly, in the insurance coverage context,

7

the fifth, sixth, and eighth factors are "particularly relevant," to the extent applicable, based on the facts of a particular case. *See Ewart v. State Farm Mutual Auto. Ins. Co.*, 257 F. Supp. 3d 722, 725 (E.D. Pa. 2017) (citing *State Auto Insurance Cos. v. Summy*, 234 F.3d 131, 134 (3d Cir. 2000)). In that connection, "[t]he fact that district courts are limited to predicting—rather than establishing—state law requires 'serious consideration' and is 'especially important in insurance coverage cases.'" *Reifer*, 751 F.3d at 148 (quoting *Summy*, 234 F.3d at 135).

Here, under the first *Reifer* factor, a declaratory judgment by this Court would resolve the uncertainty of Atain's obligation to defend and indemnify Drago Services against the *Prichard* Complaint. *Kelly*, 868 F.3d at 288; *see also Evanston v. Neuromonitoring Techs, Inc.*, No. 18-11497, 2019 U.S. Dist. LEXIS, at *4 (D.N.J. Apr. 30, 2019) (finding that a decision in declaratory judgment action would "resolve the uncertainty regarding an insurer's obligation to defend and indemnify a defendant in an underlying medical malpractice action"). As such, the first factor weighs in favor of exercising jurisdiction.

The second factor is neutral. Neither Drago Services nor Atain will be inconvenienced should this Court adjudicate the matter. Both the state and federal forums are in close proximity—a mere 30 miles apart—and both courts are equally capable of adjudicating this matter.[6]

Similarly, I find that the third factor is neutral. The parties do not raise any important public interest involved in this case. Atain argues that "the public interest is better served by [the

---

[6] In support of their argument that the parties are inconvenienced by this Court retaining jurisdiction, Drago Services cites *United States Liab. Ins. Co. v. Singer*, arguing that the convenience of the parties is better served by "adjudicating … overlapping cases in one forum … particularly true [when] the state court and federal court share the same geographic region." 16-887, 2016 U.S. Dist. LEXIS 138814, at *9 (D.N.J. Oct. 6, 2016). I am not persuaded that the reasoning of that case applies to the facts of this case, because in *Singer*, there were two federal and state court coverage actions proceeding at the same time. Aside from that difference, I note that the *Singer* court, in balancing the interests of the parties, also found the second *Reifer* factor to be neutral. (*Id.* at *13-14.)

Court] exercising its jurisdiction" to resolve Atain's declaimer of coverage, and it admits that there is no unsettled question of state law implicated here. (Opp. Br., at 10.) Drago Services responds that "there is no federal interest involved in this case." However, because there are no predominate state issues involved, both federal and state courts are equally capable of applying settled state law to the facts of a case, and there is nothing persuading me that as a matter of public policy, retaining jurisdiction is not appropriate. *Kelly*, 868 F.3d at 290 n.13 (citing *Heritage Farms Inc. v. Solebury Twp.*, 671 F.2d 743, 747 (3d Cir. 1982)).

The fourth *Refier* factor weighs is also neutral. This factor relates to the availability and relative convenience of other remedies. Drago Services argues that the fourth factor "fails to invoke a Federal Court declaration" because New Jersey's Declaratory Judgment Act, N.J. Stat. Ann. §§ 2A:16-52-54, "allows for substantially similar relief to that provided by" its federal counterpart under 28 U.S.C. §§ 2201-02. (Pl.'s Br., at 13.) While not entirely clear, the Court interprets this argument to mean that New Jersey's statute provides an alternative adequate remedy.[7] However, Drago Services' argument misses the mark. Indeed, Drago Services concedes that the Court "could resolve uncertainty about the parties' rights and obligations under" the Policy. (*Id.* at 12.) And, as I stated previously, "state and federal courts are equally capable to grant effective relief in these circumstances." *Kelly*, 868 F.3d at 289.

Next, Drago Services' arguments as to the fifth, sixth, and seventh factors mirror are same arguments related to whether this matter parallels the *Prichard* Action. (Pl.'s Br., at 13.) For

---

[7] I note that Drago Services initiated this Declaratory Judgement Action under N.J. Stat. Ann. §§ 2A:16-52-54 in state court on February 19, 2021, before it was removed to this Court by Atain (*see* ECF No. 1). While it may be more convenient for Drago Services to pursue both matters in state court, the relevant inquiry is whether this Court can provide Drago Services with its requested remedy. As discussed, this Court is equally capable of adjudicating the issue of coverage.

reasons stated above, these arguments fail.  Drago Services' bare assertion that district courts "routinely" exercise restraint by declining to exercise jurisdiction brought solely through diversity jurisdiction is without merit.  (*Id.*)  Just the opposite, federal court routinely entertain insurance coverage disputes through declaratory judgment, such as here.  *See, e.g.*, *Curtiss-Wright Corp. v. CNA Fin. Corp.*, No. 11-4416, 2012 U.S. Dist. LEXIS 42720 at *20 (D.N.J. Jan. 26, 2012).  Drago Services has not pointed to any legal issue involved in this matter that is currently pending before the state court.  Again, I do not find that the pending *Prichard* Action amounts to a parallel proceeding, and Atain is not a party to the *Prichard* Action.  The sixth and seventh factors are also not implicated.  Because the *Prichard* Action and this matter are not parallel, the need to avoid duplicative litigation is not a factor under these circumstances. Also, neither party undertakes an analysis, under the seventh factor, explaining whether a final determination in the *Prichard* Action would have a preclusive effect.  In any event, this coverage action involves fundamentally distinct causes of action, and no parallel proceeding exists such that *res judicata* concerns loom over this matter.  Simply, the *Prichard* Action does not address coverage under the Policy.

Finally, under the eighth factor, I do not find a conflict of interest present under these circumstances.  Drago Services fails to support its unsupported argument that "there is undoubtably an inherent conflict." (Pl.'s Br. at 14.)  As addressed above, the issues in the *Prichard* Action are not extricable intertwined with this Declaratory Judgment Action, nor is Atain a party to the *Prichard* Action.  As such, "there is no danger that [an insurer] will establish facts in its declaratory judgment action that will prejudice" Drago Services in its dispute with Prichard.  *Sec. Nat'l Ins. Co. v. Summerfield*, No. 21-0895, 2021 U.S. Dist. LEXIS 91188, at *9-10 (E.D. Pa. May 13, 2021) (citation omitted)).

Accordingly, I do not find remand is appropriate, and will exercise jurisdiction over this coverage action.

## IV. CONCLUSION

For the foregoing reasons, Drago Services' motion to remand is **DENIED.** An appropriate Order accompanies this Opinion.

Dated: August 9, 2021                              /s/ Freda L. Wolfson
                                                  Freda L. Wolfson
                                                  U.S. Chief District Judge

11